IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | |
| | ) | |
| JANNA LYNN MERTZ, | ) | |
| | ) | CASE NO. BK11-81644-TLS |
| Debtor(s). | ) | A11-8099-TLS |
| RICK LANGE, Chapter 7 Trustee, | ) | |
| | ) | |
| Plaintiff, | ) | CHAPTER 7 |
| | ) | |
| vs. | ) | |
| | ) | |
| JANNA LYNN MERTZ; KURT S. BAHNEY; AMERICA'S WHOLESALE LENDER, INC., a New York corporation; FIDELITY NATIONAL TITLE INSURANCE CO.; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., a Delaware corporation; and COUNTRYWIDE HOME LOANS, INC., | ) | |
| | ) | |
| Defendants. | ) | |

ORDER

This matter is before the court on the Chapter 7 trustee's motion for summary judgment (Fil. No. 24) and resistance by defendants Kurt S. Bahney and Janna Lynn Mertz (Fil. No. 26). Wilford L. Forker represents Mr. Bahney and Ms. Mertz, and Benjamin E. Moore represents the trustee. Evidence and briefs were filed and, pursuant to the court's authority under Nebraska Rule of Bankruptcy Procedure 7056-1, the motion was taken under advisement without oral arguments.

The motion is denied.

In 2003, Ms. Mertz and Mr. Bahney took title to a single-family residence in Dakota County, Nebraska, as joint tenants. They both reside in that home. In 2004, Mr. Bahney obtained a loan from America's Wholesale Lender in his name only, and both he and Ms. Mertz executed a deed of trust on the property. Ms. Mertz and Mr. Bahney filed separate Chapter 7 bankruptcy petitions on June 24, 2011, and Rick Lange was appointed trustee of both bankruptcy estates.

The trustee filed this adversary proceeding seeking a declaratory judgment that the deed of trust did not encumber Ms. Mertz's interest in the property and he requested authority to sell the property pursuant to 11 U.S.C. § 363(b)(1) and (h). The institutional defendants named in the complaint were America's Wholesale Lender as the lender, Fidelity National Title Insurance Co. as the trustee under the deed of trust, Mortgage Registration Systems, Inc. ("MERS") as the trust

deed beneficiary, and Countrywide Home Loans, Inc., as the loan servicer. Those defendants did not answer the complaint, and default judgment was entered against them on January 30, 2012.

The trustee has now moved for summary judgment against Ms. Mertz and Mr. Bahney, asserting that, because of the default judgment, they have no legal or equitable interest in the deed of trust lien and, as a result, the trustee is entitled to judgment as a matter of law on his request for authorization to sell Ms. Mertz's unencumbered interest in the property. He also asserts that partition is not feasible, so he should be permitted to sell Mr. Bahney's interest as well.

Ms. Mertz and Mr. Bahney resist the motion, arguing that because Ms. Mertz pledged her interest in the property by signing the deed of trust, the entire property is encumbered, although she did not list that encumbrance in her bankruptcy schedules. She did claim a one-half interest in the home as an exempt asset.

The following facts are uncontroverted or established by the evidence:

1. David and Sheryl Mertz transferred their interests in the subject property, commonly known as 480 North Shore Drive, South Sioux City, Nebraska, to "Kurt Bahney, a single person and Janna L. Mertz, a single person, as joint tenants[.]" The deed was recorded on April 28, 2003.

2. Thereafter, Mr. Bahney obtained a loan, in his name only, to refinance the property.

3. On September 13, 2004, Mr. Bahney and Ms. Mertz executed a deed of trust on the subject property. The form used was the "NEBRASKA - Single Family - Fannie Mae/Freddie Mac UNIFORM INSTRUMENT WITH MERS."

4. In the deed of trust, the borrower was identified in paragraph (B) on page one as "Kurt S. Bahney, a single man."

5. The parties to the deed of trust also agreed to uniform covenants. One of those covenants, at paragraph 13, addresses joint and several liability and co-signers:

> 13. Joint and Several Liability; Co-signers; Successors and Assigns Bound. Borrower covenants and agrees that Borrower's obligations and liability shall be joint and several. However, any Borrower who co-signs this Security Instrument but does not execute the Note (a "co-signer"): (a) is co-signing this Security Instrument only to mortgage, grant and convey the co-signer's interest in the Property under the terms of this Security Instrument; (b) is not personally obligated to pay the sums secured by this Security Instrument; and (c) agrees that Lender and any other Borrower can agree to extend, modify, forbear or make any accommodations with regard to the terms of this Security Instrument or the Note without the co-signer's consent.

6. Ms. Mertz signed the document above her typed name on the signature page, where she was identified as a Borrower.

7. The Chapter 7 trustee filed this adversary proceeding on October 11, 2011.

8. Defendants MERS, Countrywide Home Loans, Inc., and America's Wholesale Lender were served with the summons and a copy of the complaint on October 12, 2011. Answers were due November 10, 2011.

9. Defendant Fidelity Title Insurance Co. was served with the summons and a copy of the complaint on December 15, 2011. An answer was due January 14, 2012.

10. None of the institutional defendants filed answers or otherwise pled, so the trustee moved for default judgment on January 27, 2012.

11. An order of default judgment was entered against those four defendants on January 30, 2012.

Summary judgment is appropriate only if the record, when viewed in the light most favorable to the non-moving party, shows there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c) (made applicable to adversary proceedings in bankruptcy by Fed. R. Bankr. P. 7056); *see, e.g.*, *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986). On a motion for summary judgment, "facts must be viewed in the light most favorable to the nonmoving party only if there is a 'genuine' dispute as to those facts." *Ricci v. DeStefano*, 557 U.S. 557, 129 S. Ct. 2658, 2677 (2009) (quoting *Scott v. Harris*, 550 U.S. 372, 380 (2007)).

The trustee relies on the default judgment in arguing that neither Mr. Bahney nor Ms. Mertz have an interest or property right in the lien. He takes the position that because the defined term "Borrower" in the deed of trust identifies only Mr. Bahney, Ms. Mertz's ownership interest in the property is free and clear of liens and should be sold, with the proceeds inuring to the benefit of her creditors.

The argument that the property interest of a joint owner who signs a deed of trust without being liable on the promissory note remains unencumbered has been analyzed and rejected by several bankruptcy courts. While the facts of the cases may be distinguishable from the present case, the reasoning is not.

For example, in *Rouse v. Wells Fargo Bank, N.A. (In re Suhrheinrich)*, Adv. No. 08-3048, 2009 WL 3335027 (Bankr. W.D. Mo. Oct. 14, 2009), the Chapter 7 trustee attempted to avoid a deed of trust on the married debtors' home because only the husband was identified as the grantor in the deed of trust, although the wife had signed the document as a grantor. Under Missouri law, a deed of trust on property held in tenancy by the entireties must identify both tenants as grantors to be valid. However, the bankruptcy court noted "significant" facts enabling it to find that Mrs.

Suhrheinrich was also a grantor. First, the court said, Mrs. Suhrheinrich's name was typed below the line where her signature appeared, along with the pre-printed word "Borrower." This, according to the court, was "an indication that the [deed of trust] was drafted, and [Mrs. Suhrheinrich] signed it, with the intention that she be a grantor ("Borrower") under the [deed of trust]." 2009 WL 3335027 at *2. Second, the court noted, the deed of trust's cover page, a necessary part of the document, identified both spouses as grantors/borrowers. Lastly, Mrs. Suhrheinrich testified that she intended to convey an interest in her home to the lender and understood that she had to sign the deed of trust to make it valid.

Likewise, in a lien priority dispute decided in the individual Chapter 11 case of *HHP-Brentwood, L.L.C. v. Aurora Loan Services, LLC (In re Surti)*, 434 B.R. 515 (Bankr. M.D. Tenn. 2010), the court interpreted the validity of a deed of trust form identical, or nearly so, to the one in this case. The debtors, a married couple, owned property as tenants by the entirety. Mrs. Surti executed a deed of trust against the property. Each spouse initialed each page of the deed of trust, and each spouse executed the deed of trust as a "Borrower." Mrs. Surti's name was typewritten below the "Borrower" line on which she signed, while Mr. Surti's name was hand-printed below the "Borrower" line on which he signed. The term "Borrower" in the definitional section identified only Mrs. Surti. The legal description in the deed of trust listed both spouses as the property's owners.

In reaching its decision that the interests of both spouses secured the deed of trust, the court relied heavily on paragraph 13 (the joint and several liability and co-signers paragraph) of the Fannie Mae/Freddie Mac uniform security instrument. The court explained that relying only on page one's definition of "Borrower," without taking the rest of the document into account, "makes a nonsense of the document as a whole." 434 B.R. at 520. The court explained that paragraph 13's plain language "recognizes that there may be a 'Borrower' who co-signs this security instrument but does not execute the Note" in order to encumber his or her interest in the property. The court called this language of conveyance "just as operative and effective as the 'Transfer of Rights in the Property' on page 2 of the document." *Id.* In other words, the deed of trust identifies two types of borrowers – borrowers who sign the promissory note and borrowers (otherwise known as co-signers) who do not sign the promissory note but do execute the deed of trust to convey an interest in property to secure the note. "These words makes complete sense if [the term 'Borrower'] can, depending on context, include someone who signs the Deed of Trust to convey their interest in property without also being obligated on the Note." *Id.* The court headed off any argument of ambiguity in the validity of the conveyances through the dual use of the term "Borrower" by observing that "[a]ll Borrowers – whether signers of the Note or not – have explicitly conveyed their interests into trust to secure the Note." *Id.* at 521.

When discussing whether the deed of trust was valid under Tennessee law that holds "a deed is void as to any party signing it who is not named therein as grantor [and] if the deed is signed by two persons, only one of whom is named in the body thereof, it is the deed of that one only," *id.*, the court relied on *Suhrheinrich* and a Tennessee Court of Appeals case that affirmed a deed of trust's validity. In the Tennessee state court case, a married woman attempted to avoid the effect of her signature on a deed of trust because she was not identified elsewhere in the document as a grantor. The appellate court rejected her arguments, stating:

-4-

>   While we agree with [Ms. Thornton] that she is not termed a "grantor" on the Countrywide deed, we do not find this fact dispositive. The Countrywide deed of trust secured the loan which the couple used to purchase their home. Ms. Thornton signed the deed of trust at the bottom, under her husband's signature, in order to convey her interest in the home. We do not believe that Countrywide's failure to list Ms. Thornton as a grantor has any effect upon her conveyance. It is simply unbelievable that a bank would consent to secure the entire amount of the purchase price of a home with something less than a complete interest in the property.

*Thornton v. Countrywide Home Loans, Inc.*, No. W1999-02086/02087-COA-R3-CV, 2000 WL 33191366 (Tenn. Ct. App. Oct. 23, 2000), *quoted in Surti*, 434 B.R. at 523.

The *Surti* court favorably discussed *Suhrheinrich* and concluded that the facts in *Surti* were even more compelling that Mr. Surti conveyed his interest under the deed of trust than the facts in *Suhrheinrich* because the *Suhrheinrich* deed of trust did not contain language similar to paragraph 13 regarding co-signers. "The second grantor clause in Paragraph 13 firmly cements the Aurora Deed of Trust as effective to convey [Mr.] Surti's interest in the Property." 434 B.R. at 525. The *Surti* court ultimately determined that both clauses of conveyance (page one and paragraph 13) in the deed of trust were effective to convey each spouse's respective interests in the property and give the lienholder a security interest in the whole of the tenancy.

Another recent case upholding the validity of a deed of trust on the basis of paragraph 13 is *Beckhart v. Nationwide Trustee Services, Inc. (In re Beckhart)*, Adv. No. 09-00263-8-RDD, 2011 WL 5902598 (Bankr. E.D.N.C. July 21, 2011). In that case, Mr. Beckhart signed a promissory note. A deed of trust on property held in Mr. Beckhart's name only was executed to secure that note. The deed of trust was executed by Mr. and Mrs. Beckhart, and designated them each in the definitional section as "Borrower." The deed of trust was a Fannie Mae/Freddie Mac uniform document, and the court noted that, by its stated terms, the definitional section was not exclusive, with additional words defined in other sections, including in paragraph 13. The court recognized that the term "Borrower" in the deed of trust is necessarily interpreted more broadly than the term's common use:

>   A lender will often require that all record owners or persons with any interest in the real property execute a deed of trust, even if such person is not obligated on the underlying debt. Each of these parties would be a trustor who grants the trustee an interest in the property at issue.
>       . . . . Since each "Borrower" is a trustor, a lender must include anyone who may hold an interest in the subject property as part of the definition of "Borrower" if the lender wishes to exercise its rights and remedies against the whole property.

2011 WL 5902598 at *6 (footnote omitted).

The court went on to explain that paragraph 13 is intended to clarify that a "Borrower" includes more than those who are obligated on the note and refers to anyone who may hold an interest in the property secured. Because Mrs. Beckhart was a "Borrower" by virtue of paragraph 13, the terms of the deed of trust were not contradictory and the lien created was valid.

The rationale used in these cases also applies to Ms. Mertz's situation. Although the note was signed only by Mr. Bahney, the property is held by both as joint tenants. Therefore, the lender properly protected its rights by obtaining Ms. Mertz's signature as a "Borrower" under the terms of paragraph 13, with the result that both owners' interests were encumbered. Ms. Mertz should have scheduled this encumbrance, but the fact that she did not will not cause her to lose her interest.

It is unclear what relief the default judgment actually provided to the trustee, but to the extent it may be interpreted as declaring that no liens encumber Ms. Mertz's interest in the property, it should be set aside in light of the court's findings today.

IT IS ORDERED that the Chapter 7 trustee's motion for summary judgment (Fil. No. 24) is denied.

IT IS FURTHER ORDERED that the Order for Default Judgment (Fil. No. 21) is hereby vacated.

DATED: March 15, 2012.

BY THE COURT:

/s/ Thomas L. Saladino
Chief Judge

Notice given by the Court to:
　　Wilford L. Forker
　　*Benjamin E. Moore
　　U.S. Trustee

*Movant is responsible for giving notice to other parties if required by rule or statute.